UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDJELA STEFANOVIC, UROS DUKIC,
BOJANA NOVAKOVIC, DANIJEL
MIRKOV,

No. 18 CV 2093-LTS-KNF

Plaintiffs,

-against-

OLD HEIDELBERG CORP. d/b/a
HEIDELBERG RESTAURANT, EVA
MATISCHAK,

Defendants.
-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

In this action, Plaintiffs Andjela Stefanovic, Uros Dukic, Bojana Novakovic, and

Danijel Mirkov ("Plaintiffs") assert claims for violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law ("NYLL"), N.Y. LAB.

LAW §§ 190, 650 et seq. (McKinney 2019), that allegedly occurred from March 2016 through

April 2018. (Docket Entry No. 12.) Old Heidelberg Corp. (the "Restaurant") and Eva

Moustakis (together, "Defendants") have answered plaintiffs' complaint, asserted several

affirmative defenses, and asserted a counterclaim, alleging misconduct by the Plaintiff

employees and invoking the common-law faithless servant doctrine. (Amended Answer and

Counterclaim ("Counterclaim"), Docket Entry No. 15, at 20-21, ¶¶ 19-26.) The Court has

jurisdiction of Plaintiffs' claims under the FLSA pursuant to 28 U.S.C. § 1331, and of their

claims under the NYLL pursuant to 28 U.S.C. § 1367.

Plaintiffs now move to dismiss the counterclaim for lack of subject matter

jurisdiction, for failure to state a claim upon which relief can be granted under New York's

faithless servant doctrine, and as an unlawful attempt to circumvent wage protections under

NYLL § 193.  (Docket Entry Nos. 18, 19.)  The Court has considered the submissions of both parties carefully, and, for the following reasons, grants in part and denies in part Plaintiffs' motion to dismiss the counterclaim.

BACKGROUND

Plaintiffs allege that they were each employed, as servers, bartenders, hosts, or managers, by Defendants for various periods between March 2016 and April 2018.  (Docket Entry No. 12, at ¶¶ 6-12.)  Plaintiffs allege that they frequently worked more than forty hours per week and were not paid overtime wages or minimum wages as required by the FLSA and the NYLL (id. at ¶¶ 94-118), that they regularly worked more than ten hours a day and were not paid the additional hour's pay required by the NYLL (id. at ¶¶ 119-122), that they were not provided with written notice of wage rates as required by the NYLL and WTPA (id. at ¶ 130), and that they were not furnished with an accurate wage statement as required by the NYLL.  (Id. at ¶ 134).  Plaintiffs Stefanovic and Novakovic further allege that they were required to wear a uniform consisting of a traditional German dirndl and that they were not paid for its maintenance as required by the NYLL.  (Id. at ¶¶ 124-125.)

In addition to a variety of affirmative defenses, Defendants assert a single counterclaim alleging numerous, unspecified instances of misconduct by Plaintiffs during their employment.  (Counterclaim.)  Defendants contend that a defrauded customer alerted them that an employee had fraudulently changed the gratuity amount on the customer's receipt.  (Id. at 19, ¶¶ 12-13.)  Defendants allege that they hired an accountant to audit their receipts and discovered that Plaintiff Mirkov had altered the amounts of gratuities authorized by customers, a discovery that eventually led them to terminate Plaintiff Mirkov's employment.  (Id. at 19-20, ¶ 13-15.)  Defendants generally aver that they discovered, through their investigation and conversations

with staff members, that the other Plaintiffs also engaged in the same behavior, either changing the amount in the gratuity field of customer receipts or adding gratuities when the field was left blank.  (Id. at 19-20, ¶¶ 9, 17.)  The same set of facts provides the basis for Defendants' twelfth affirmative defense, which asserts that Plaintiffs have forfeited any right to compensation paid during the period of time in which they altered customer receipts.  (Id. at 17.)

<u>DISCUSSION</u>

The Court first addresses Plaintiffs' motion to dismiss Defendants' counterclaim for lack of subject matter jurisdiction.  "The Court's first inquiry must be whether it has the constitutional or statutory authority to adjudicate a case.  If there is no subject matter jurisdiction, the Court lacks power to consider the action further."  ICOS Vision Sys. Corp., N.V. v. Scanner Techs. Corp., 699 F. Supp. 2d 664, 667 (S.D.N.Y. Mar. 29, 2010) (citation omitted).

In reviewing a motion to dismiss a complaint pursuant to Rule 12(b)(1), the "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff[.]"  Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (quoting Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)).  However, a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," id. (quoting Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000)), and that affirmative showing may not be "made by drawing from the pleadings inferences favorable to the party asserting" subject matter jurisdiction. Id. (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)).  In determining whether subject matter jurisdiction of a claim exists, the Court "may consider evidence outside the pleadings."  Id. (citing Makarova, 201 F.3d at 113).

Defendants' faithless servant counterclaim invokes New York state law, whereas Plaintiffs' compensation claims are asserted under federal and state law. The Court has original jurisdiction of Plaintiffs' federal claims under the FLSA and may exercise supplemental jurisdiction of the state law counterclaim if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.S. § 1367(a) (LexisNexis 2012). To form part of the same case or controversy, the state and federal claims must derive from a "common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). The existence of such a common nucleus may be established where either the "facts underlying the federal and state claims substantially overlap[]… or where presentation of the federal claim necessarily br[ings] the facts underlying the state claim before the court[.]" Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000) (citation omitted). Plaintiffs argue that the Court lacks jurisdiction since the counterclaim, which is based on New York common law, lacks commonality with the complaint's nucleus of fact. (Docket Entry No. 19, at 3.)

In their twelfth affirmative defense, Defendants allege that Plaintiffs have forfeited compensation paid to them during the periods of employment in which they altered the tips on customers' receipts. (Counterclaim at 17.) Under New York common law, a faithless servant forfeits the right to compensation for services tainted by their faithlessness. See Phansalkar v. Andersen Weinroth & Co., 344 F.3d 184, 200 (2d Cir. 2003). Defendants have therefore asserted a colorable partial defense to Plaintiffs' FLSA overtime and minimum wage claims on a theory of recoupment or setoff. See Markbreiter v. Barry L. Feinberg, M.D., P.C., No. 09-CIV-5573 (LAK), 2010 WL 334887, at *2 (S.D.N.Y. Jan. 29, 2010) (denying a motion to

strike an affirmative defense asserting the faithless servant doctrine in FLSA action because it is a "partial defense on a theory of recoupment or setoff."); <u>Henry v. Concord Limousine, Inc.</u>, No. 13-CIV-0494 (JS), 2014 WL 297303, at *6 (E.D.N.Y. Jan 24, 2014) (granting leave to add a faithless servant affirmative defense as a set off in FLSA action). Because presentation of the federal claim and determination of the twelfth affirmative defense will "necessarily br[ing] the facts underlying the state [counter]claim before the court," the counterclaim forms part of the same case or controversy as the claims already before the Court and is thus within the Court's supplemental jurisdiction. <u>Lyndonville Sav. Bank & Trust Co.</u>, 211 F.3d at 704. Accordingly, the motion to dismiss the counterclaim for lack of subject matter jurisdiction is denied.

Plaintiffs next move to dismiss Defendants' counterclaim for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Under the Rule 12(b)(6) standard, the court accepts as true the nonconclusory factual allegations in the complaint and draws all reasonable inferences in the nonmoving party's favor. <u>Roth v. Jennings</u>, 489 F.3d 499, 501 (2d Cir. 2007).

Under New York common law, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his

compensation, whether commissions or salary."[1]  Phansalkar v. Andersen Weinroth & Co., 344

F.3d 184, 200 (2d Cir. 2003) (citations omitted).  "New York courts have used two different

standards to determine whether an employee's misbehavior warrants forfeiture" but "have not

reconciled any differences between them, or defined the circumstances, if any, in which one

standard should apply rather than the other."  Id. at 201, 202.  The two standards describe

faithlessness as "misconduct by an employee that rises to the level of a breach of a duty of

loyalty or good faith," and "'misconduct and unfaithfulness... [which] substantially violates the

contract of service.'"  Id. (quoting Turner v. Konwenhoven,100 N.Y. 115, 120 (1885)).

Interpreting these standards, courts in this Circuit have held a faithless servant claim requires

showing that the employee breached their duty of loyalty to their employer in a way that was

substantial and material to the performance of their duties.  See Schanfield v. Sojitz Corp. of

America, 663 F. Supp. 2d 305, 348 (S.D.N.Y. 2009) (citing Phansalkar, 344 F.3d at 200).

      The duty of loyalty prohibits an employee from "acquir[ing] a material benefit

from a third party in connection with transactions conducted or other actions taken on behalf of

the [employer] or otherwise through the [employee's] use of the [employee's] position."

RESTATEMENT (THIRD) OF AGENCY § 8.02 (2006).  An employee forfeits compensation for a

breach of the duty of loyalty when he/she acts "adversely to his[/her] employer in any part of [a]

transaction[.]"  Carco Group, Inc. v. Maconachy, 383 F. App'x 73, 76 (2d Cir. 2010) (internal

---

[1]    Plaintiffs argue that this faithless servant counterclaim violates NYLL § 193.  N.Y. LAB. LAW § 193(1) (McKinney 2019) ("[n]o employer shall make any deduction from the wages of an employee.")  However, Plaintiffs have not identified, and the Court's research has not revealed, any case in which a faithless servant claim was held barred by NYLL § 193.  Indeed, a court in this district barred claims for lost profits based on negligence and poor job performance under § 193 but discussed a concurrent faithless servant counterclaim on the merits.  See Grewal v. Cuneo, No. 13-CIV-6836 (RA), 2016 WL 308803, at *6-8 (S.D.N.Y. Jan. 25, 2016).

citations omitted).  A breach of the duty of loyalty is material when it "adversely affects the

employee's job performance."  Sanders v. Madison Square Garden, L.P., No. 6-CIV-59 (GEL),

2007 WL 1933933, at *4 (S.D.N.Y. July 2, 2007); Johnson v. Summit Acquisitions, LLC, No.

15-CIV-1193 (LEK/ATB), 2019 WL 1427273, at *10 (N.D.N.Y. Mar. 29, 2019) (collecting

cases).  A breach of the duty of loyalty has only been found insubstantial where the "disloyalty

consisted of a single act, or the employer knew of and tolerated the behavior."  Phansalkar, 344

F.3d at 202.

Here, Defendants have alleged that Plaintiffs were employed by the Restaurant

and harmed its interests by changing the gratuity amount on customer receipts to give themselves

a higher tip.  (Counterclaim at 18-19, ¶¶ 3-13.)  With respect to Plaintiff Mirkov, Defendants

have alleged that their investigation uncovered multiple instances in which he altered customer

receipts.[2]  (Id. at 20.)  His alleged misuse of customers' financial information was accomplished

through use of his position as an agent of the Restaurant, for his own material benefit, and

adverse to the Restaurant's interests.  This breach of the duty of loyalty was material to his job

performance because he failed to deal with customers in a lawful manner, to the detriment of the

Restaurant's reputation and good will as evidenced by the "defrauded customer" who notified

the Restaurant.  (Id. at 19, ¶ 13.)  These allegations state a claim under the faithless servant

doctrine as against Plaintiff Mirkov.

---

[2]     Plaintiffs argue that any disloyal acts by Plaintiff Mirkov were insubstantial because
        "Defendants continued to employ Plaintiff Mirkov even after the alleged proof of the
        alterations surfaced."  (Docket Entry No. 25, at 5-6.)  Defendants have alleged that the
        discovery of his misconduct "eventually led to [his] termination."  (Counterclaim at 19,
        ¶¶ 14-15.)  Drawing all inferences in Defendants' favor, the allegation that Plaintiff
        Mirkov was fired because of his misconduct indicates that Defendants' did not acquiesce
        in his disloyalty.

Defendants' allegations that "other Employee Defendants routinely engaged in the same behavior" (Counterclaim at 20, ¶ 18) are conclusory and are not entitled to the assumption of truth for the purposes of this motion to dismiss.  See Roth v. Jennings, 489 F.3d at 501.  While specific facts are alleged regarding the discovery, magnitude, and circumstances of Plaintiff Mirkov's misconduct, Defendants only generally assert that the other Plaintiffs engaged in the same behavior as Plaintiff Mirkov and claim such behavior is "wide-spread throughout the hospitality industry."  (Counterclaim at 20, ¶ 17.)  These allegations, which assert only that the entire group of Plaintiffs engaged in a receipt altering "scheme" (id. at 12) and identify no specific instances of receipt altering by those individuals, do not plausibly allege faithlessness in non-conclusory terms on the part of the other Plaintiffs.  Defendants' counterclaim will therefore be dismissed as against the other Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendants' counterclaim for failure to state a claim upon which relief can be granted is denied as to Plaintiff Danijel Mirkov, and granted as to Plaintiffs Andjela Stefanovic, Uros Dukic, and Bojana Novakovic.

Defendants may move, **within 21 days of the date of this Memorandum Opinion and Order**, for leave to amend their Counterclaim to allege further facts regarding Plaintiffs Stefanovic, Dukic, and Novakovic.  Any such motion must be accompanied by a proposed amended counterclaim, a blackline version of that proposed counterclaim identifying the changed language, and a memorandum of law.  Failure to make such a timely motion will result in the dismissal of the counterclaim as against those three Plaintiffs with prejudice and without further advance notice.

This Memorandum Opinion and Order resolves Docket Entry No. 18. The case

remains referred to Magistrate Judge Fox for general pretrial management.

SO ORDERED.

Dated: New York, New York
August 8, 2019

__/s/ Laura Taylor Swain__
LAURA TAYLOR SWAIN
United States District Judge