William J. Whewell
ROSENBERG, WHEWELL, & HITE, LLC
2051 Main Street
Stratford, Connecticut 06615
(T) 203-870-6700
(F) 203-870-6701
(E) whewell.william@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ANDJELA STEFANOVIC, UROS DUKIC, BOJANA NOVAKOVIC, and DANIJEL MIRKOV,**

                Plaintiffs**,**

     -against-

**OLD HEIDELBERG CORP. d/b/a HEIDELBERG RESTAURANT and EVA MATISCHAK**,

              Defendants**.**

Case No.: 1:18-cv-02093 (LTS)(KNF)

**DEFENDANTS OLD HEIDELBERG CORP. AND EVA MATISCHAK'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT…………...…………………………………………………..1

STATEMENT OF FACTS…………………………………………………………………...3

LEGAL STANDARD…………………………………………………………………….3

ARGUMENTS…………………………………………………………………………5

    1.  THE COURT SHOULD GRANT DEFENDANTS' SUMMARY JUDGMENT ON THEIR FAITHLESS SERVANT COUNTERCLAIM AGAINST MIRKOV AND DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE FAITHLESS SERVANT COUNTER   …………………………………..………5

    2.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE FLSA AND NYLL UNPAID OVERTIME CLAIMS AS THE PLAINTIFFS FAIL TO REFUTE THE EVIDENCE IN DEFENDANTS' MOTION, PLAINTIFFS ATTEMPT TO ARGUE A NEW THEORY OF LIABILITY ON SUMMARY JUDGMENT, AND THE NEW THEORY IS DUPLICATIVE OF PLAINTIFFS' OTHER ALLEGATIONS   …………………………………………………...………………..9

    3.  PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT AS TO THE WAGE STATEMENT, WAGE NOTICE, AND SPREAD OF HOURS CAUSES OF ACTION SHOULD BE DENIED AS DEFENDANTS ACTED IN GOOD FAITH AND DID NOT WILLFULLY VIOLATE EITHER THE FLSA OR NYLL  …………………12

    4.  PLAINTIFFS HAVE NOT SOUGHT TO CLASSIFY EVA MATISCHAK AS AN EMPLOYER, REQUIRING DENIAL OF SUMMARY JUDGMENT ON ALL COUNTS AS TO EVA MATISCHAK   …………………………………...14

CONCLUSION…………………………………..………………………………………15

# <u>TABLE OF AUTHORITIES</u>

*Bush v. Fordham Univ.*,
452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006) ………………………… …………………………..14

*Calderon v. Mullarkey Realty, LLC*,
14-CV-2616 (PKC)(RLM), 2018 WL 2871834, at *16 n.15 (E.D.N.Y. June 10, 2018) ………10

*Caldarola v. Calabrese*,
298 F.3d 156, 160 (2d Cir.2002) …………………………………………………………………4

*Carco Grp., Inc. v. Maconachy*,
383 F. App'x 73, 76 (2d Cir. 2010)    …………………………………………………………8

*Carlton Grp., Ltd. v. Mirabella SG SpA*,
No. 16 CIV. 6649 (LGS), 2018 WL 3520494, at *9 (S.D.N.Y. July 19, 2018) …………………9

*Chichinadze v. BG Bar*,
18 Civ. 8069 (KPF), at *23 (S.D.N.Y. Feb. 8, 2021) …………………………………………14

*Figurowski v. Marbil Investors, LLC*,
14-CV-7034(JS)(GRB), at *10-11 (E.D.N.Y. July 1, 2015) …………………………………14

*Franco v. Jubilee First Ave. Corp.*,
14-CV-07729 (SN), at *34 (S.D.N.Y. Aug. 25, 2016)……………………………………...…13

*Herman v. RSR Sec. Servs. Ltd.*,
172 F.3d 132, 139 (2d Cir. 1999) ……………………………………………………………14

*Ibarra v. W&L Grp. Constr. Inc.*,
1:19-CV-01582 (AMD) (SMG), at *2 (E.D.N.Y. Nov. 8, 2019) ………………………………14

*Kuebel v. Black Decker*,
643 F.3d 352, 362 (2d Cir. 2011) ……………………………………………………………10

*Markbreiter v. Barry L. Feinberg, M.D., P.C.*,
No. 09 CIV. 5573 (LAK), 2010 WL 334887, at *2 (S.D.N.Y. Jan. 29, 2010) …………………6

*NetJets Aviation, Inc. v. LHC Communications, LLC*,
537 F.3d 168, 175 (2d Cir. 2008) …………… …………………………………………………11

*Phansalkar v. Andersen Weinroth & Co., L.P.*,
344 F.3d 184, 188 (2d Cir. 2003)        ………………………………………………………8

*Physicians Committee for Responsible Medicine v. Leavitt*,
331 F. Supp. 2d 204, 206 (S.D.N.Y.2004) …………………………………………………4

*Prof'l Merch. Advance Capital, LLC v. C Care Servs., LLC*,
 No. 13-cv-6562 (RJS), at *11 (S.D.N.Y. July 15, 2015) ………………………………………11

*Rabin v. Mony Life Ins. Co*,
387 F. App'x 36, 42 (2d Cir. 2010) ………………………………………………………………11

*Rojas v. Splendor Landscape Designs Ltd.*,
268 F. Supp. 3d 405, 410 (E.D.N.Y. 2017) ……………………………………………………15

*Sanders v. Madison Square Garden, L.P.*,
06 Civ. 589 (GEL), at *7 (S.D.N.Y. July 2, 2007) …………………………………………5, 7

*Soroof Trading Development Co. v. Ge Fuel Cell Systems LLC*,
842 F. Supp. 2d 502, 519-20 (S.D.N.Y. 2012) … ……………………………………………4

*United States Underwriters Ins. Co. v. Falcon Constr. Corp.*,
No. 02 Civ. 4182 (LTS)(GWG), at *4 (S.D.N.Y. May 10, 2006) ………………………………4

*Velazquez v. Yoh Servs.*,
19-1020-cv, at *6 (2d Cir. Mar. 18, 2020) …………………………………………………..10

## RULES AND STATUTES

Fed. R. Civ. P. 56    …………………………………………………………………………..3

Defendants Old Heidelberg Corp. ("Heidelberg," or the "Restaurant") and Eva Matischak ("Matischak," together "Defendants") submit this memorandum of law in further support of their Motion for Partial Summary Judgment (the "Motion") against Plaintiffs Andjela Stefanovic ("Stefanovic"), Uros Dukic ("Dukic"), Bojana Novakovic ("Novakovic"), and Danijel Mirkov ("Mirkov," together "Plaintiffs") and in opposition to Plaintiffs' motion for partial summary judgment (Dkt. Nos. 55 and 56, the "Cross Motion").

## PRELIMINARY STATEMENT

The Heidelberg is one of the oldest family-run German restaurants in the United States located in New York, NY.  Plaintiffs are former servers and/or bartenders of the Heidelberg and bring this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime, unpaid minimum wage, spread-of-hours pay, uniform violations, failure to provide wage notices, and failure to provide wage statements.  Heidelberg has brought counterclaims against the Plaintiffs under the faithless servant doctrine and alleges— and one Plaintiff has admitted while the other Plaintiffs have denied intentionally altering tips— that Plaintiffs engaged in a scheme to defraud the Restaurant and its customers by charging tip amounts to the customers' credit/debit cards that exceeded the tip amount indicated by the customers on their receipts.

Defendants have moved for partial summary judgment as to (1) Plaintiff Novakovic's claims under the FLSA that arose prior to March 8, 2015, (2) Plaintiff's unpaid overtime claims under both the FLSA and NYLL, (3) Plaintiff's claims for failure to provide wage notices under NYLL, and (4) Defendants' counterclaim for faithless servant as against Plaintiff/ Counterclaim Defendant Danijel Mirkov.  Plaintiffs have opposed Defendants' motion for partial summary judgment and have filed their own cross-motion for summary judgment as to (1) Plaintiff's wage

notice claims under NYLL, (2) Plaintiffs' wage statement claims under NYLL, (3) Plaintiff's spread-of-hours claims under NYLL, and (4) Defendants' faithless servant counterclaim against Defendant Mirkov.  While plaintiffs move for summary judgment as to "defendants" on their claims against Old Heidelberg Corp. and Eva Matischak, plaintiffs have not advanced any evidence or otherwise shown a basis in fact and/or law for holding Defendant Eva Matischak liable on any of the claims upon which plaintiffs now seek summary judgment.

Additionally, plaintiffs argue that they are entitled to summary judgment on defendants' faithless servant counterclaim against Defendant Mirkov because the FLSA preempts the faithless servant doctrine or, alternatively, that the facts here do not support a claim for faithless servant because Mirkov is a minimum wage employee.  Plaintiffs' preemption argument fails as a matter of law for the reasons set forth below.  Furthermore, it is of no moment that Mirkov is a minimum wage employee because it is not a requirement for a claimant in a faithless servant action to show that the employee against whom the claim is brought attained a minimum income threshold.

Therefore, the Court should deny the Plaintiffs' Cross-Motion for Partial Summary Judgment and should enter partial summary judgment in Defendants' favor on Plaintiffs' claims for unpaid overtime under both the FLSA and NYLL and failure to provide wage statements pursuant to the NYLL.  The Court should also enter summary judgment on Novakovic's claims for wages under the FLSA that accrued prior to March 8, 2015 as well as the Restaurant's faithless servant counterclaim against Danijel Mirkov.  Additionally, the Court should deny the Plaintiff's Cross-Motion for Summary Judgment in its entirety as to Defendant Eva Matischak, and should similarly deny the plaintiff's cross-motion for summary judgment as to the Restaurant's faithless servant claim against Mirkov as well as the Plaintiffs' spread-of-hours, wage statement, and wage notice claims.

## STATEMENT OF FACTS

Plaintiff Danijel Mirkov was terminated by the Restaurant following an investigation that revealed the extent of Mirkov's – and the other plaintiffs' – disloyalty to the Restaurant.  (*See*, Defs.' Supplemental Stmt. Of Undisputed Facts ("Def.s' Supp. Stmt"), ¶1).  Mirkov's disloyal acts consisted of overcharging customers of the Restaurant by entering a tip amount into the Restaurant's point-of-sale system that was higher than the amount of the tip that the customer had indicated on their receipt. (*See* Defendants' Local Rule 56.1(a) Statement of Undisputed Facts, Dkt. No. 51, ("Def.'s SUF",) ¶8).  Mirkov engaged in the tip-altering scheme about twelve times throughout his employment with the Restaurant and Mirkov knew that his actions could – and did – hurt the Restaurant. (Def.'s SUF, ¶¶10-11).

Plaintiffs have admitted that they cannot even estimate the amount of overtime that they worked based on their recollection. (*See* Def.'s SUF,  ¶¶ 5, 17, 21, 24, 26 ).  Notwithstanding plaintiffs' admissions, Defendant Old Heidelberg through its manager Andreas Matischak had discussions with the Restaurant's payroll company, ADP, pertaining to the Restaurant's compliance with payroll and employment laws. (Def.'s Supp. Stmt., ¶2).  ADP would tell the Restaurant what was required and the Restaurant did what ADP said. (Def.'s Supp. Stmt., ¶5).  Furthermore, the Restaurant hired individuals, first Diana Klapach then Angela Hour, who were tasked with handling payroll and ensuring compliance with payroll and employment laws. (Def.'s Supp. Stmt., ¶3-4).

## STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is considered material if it might affect the outcome of the suit under the governing law, and an issue of fact is a genuine one where the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Soroof Trading Development Co. v. Ge Fuel Cell Systems LLC*, 842 F. Supp. 2d 502, 519-20 (S.D.N.Y. 2012) (quoting *Holtz v. Rockefeller & Co. Inc.*, 258 F.3d 62, 69 (2d Cir.2001)) (internal quotation marks omitted). However, "the court must resolve all ambiguities and draw all inferences in favor of the non-moving party." *Physicians Committee for Responsible Medicine v. Leavitt*, 331 F. Supp. 2d 204, 206 (S.D.N.Y. 2004). A motion for summary judgment must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 Civ. 4182 (LTS)(GWG), at *4 (S.D.N.Y. May 10, 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

However, "[t]he party against whom summary judgment is sought ... 'must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir.2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). "[M]ere conclusory allegations, speculation or conjecture will not suffice to defeat summary judgment." *Soroof Trading*, 842 F. Supp. at 520 (quoting *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir.1996)) (internal quotation marks omitted).

# ARGUMENT[1]

**I. THE COURT SHOULD GRANT DEFENDANTS' SUMMARY JUDGMENT ON THEIR FAITHLESS SERVANT COUNTERCLAIM AGAINST MIRKOV AND DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE FAITHLESS SERVANT COUNTERCLAIM.**

The Court should grant Defendants' summary judgment on their faithless servant counterclaim and deny the Plaintiffs' motion for summary judgment as to the faithless servant counterclaim. To prove a faithless servant claim, a party must demonstrate "(1) that the employee's disloyal activity was related to 'the performance of his duties,' and (2) that the disloyalty 'permeated the employee's service in its most material and substantial part." *Sanders v. Madison Square Garden, L.P.*, 06 Civ. 589 (GEL), at *7 (S.D.N.Y. July 2, 2007) (quoting *Phansalkar v. Andersen Weinroth Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003)). Where an employee acts faithlessly, the employer is entitled to recoup all monies paid to the employee after the first disloyal act. *Phansalkar*, 344 F.3d at 211.

Defendants have moved for summary judgment against only Mirkov for their faithless servant claim as the undisputed facts demonstrate that Mirkov was a faithless servant.[2] The Plaintiffs' motion for summary judgment should be denied as they have not provided any evidence disputing the Defendants' faithless servant counterclaim against Mirkov, or any of the other Plaintiffs.

## A. The Faithless Servant Doctrine is Not Preempted by the FLSA and the Fact that Plaintiffs Made Minimum Wage is Irrelevant to the Analysis.

The faithless servant doctrine is not preempted by the FLSA and a party's income is irrelevant to the application of the faithless servant doctrine. Courts have previously found that the

---

[1] Novakovic concedes that she may not recover under the FLSA for her first stint with the Restaurant that occurred more than three years ago. (See Cross Motion, 1 n.1.)

[2] The Defendants are confident that their faithless servant counterclaim will succeed at trial against the other Plaintiffs but chose to only move for summary judgment against Mirkov.

FLSA does not preempt the faithless servant doctrine. *Calderon v. Mullarkey Realty, LLC*, 14-CV-2616 (PKC)(RLM), 2018 WL 2871834, at *16 n.15 (E.D.N.Y. June 10, 2018) (concluding that "the Court rejects Plaintiff's argument that the FLSA preempts the faithless servant doctrine"); *see also Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09 CIV. 5573 (LAK), 2010 WL 334887, at *2 (S.D.N.Y. Jan. 29, 2010) (the faithless servant doctrine "does give rise to a partial defense on a theory of recoupment or setoff" against an FLSA and/or a NYLL claim). The faithless servant doctrine is applicable to employees that make the minimum wage and have causes of action for violation of the minimum wage. *Calderon*, No. 14CV2616PKCRLM, 2018 WL 2871834, at *7 (plaintiff had cause of action under FLSA and NYLL for minimum wage violations but was previously held to be a faithless servant).

Plaintiffs attempt to argue that New York's faithless servant doctrine conflicts and is preempted by the FLSA and that the Defendants somehow do not have an actionable faithless servant cause of action. (Cross Motion, 12.) However, Plaintiffs ignore Judge Chen's decision in *Calderon* that the FLSA does not preempt the faithless servant doctrine. *Calderon*, No. 14CV2616PKCRLM, 2018 WL 2871834, at *16 n.15. In *Calderon*, the court was faced with the issue of whether a prior ruling by the New York Supreme Court that the plaintiff was a faithless servant was a complete bar to a future FLSA and/or NYLL claim. *Calderon*, No. 14CV2616PKCRLM, 2018 WL 2871834, at *7. In *Calderon*, the plaintiff argued—as the Plaintiffs have here—that the FLSA preempted New York's faithless servant doctrine. *See Calderon*, No. 14CV2616PKCRLM, 2018 WL 2871834, at *7 n.15. However, the *Calderon* court rejected the plaintiff's preemption argument and ultimately went on to decide that the plaintiff was not entitled to recover the disgorged compensation under the FLSA. *Id*.

Nothing in this case warrants a determination different than that in *Calderon*. Here, the Defendants have filed counterclaims against the Plaintiffs based on a violation of the faithless servant doctrine due to Plaintiffs' continuous actions of altering tips left by customers. The Plaintiffs' FLSA and NYLL claims do not preempt the Defendants' faithless servant counterclaims and the Plaintiffs' motion for summary judgment on Defendants' faithless servant counterclaim should be denied in its entirety.

### B. Mirkov Does Not Dispute that He Altered Tips and was a Faithless Servant, Requiring Judgment in Favor of the Defendants on their Counterclaim that Mirkov was a Faithless Servant.

Mirkov does not dispute that he altered tips and was therefore a faithless servant, requiring judgment in favor of the Defendants. Tip altering is directly tied to Mirkov's duties as a server and permeated a substantial part of those duties by stealing from the customers that he served. *See Sanders v. Madison Square Garden, L.P.*, 06 Civ. 589 (GEL), at *7 (S.D.N.Y. July 2, 2007). Mirkov does not dispute that he altered tips and admitted to altering tips on at least a dozen occasions during his deposition. (*See* Def.'s SUF., ¶10).

Despite Plaintiffs' argument that Defendants have not pointed to an "analogous case where summary judgment was granted on faithless servant claim brought against a low-wage employee," there is no requirement that the purported faithless servant meet any sort of minimum income requirement to be held liable. (*Compare* Cross Motion, 19, *with Sanders v. Madison Square Garden, L.P.*, 06 Civ. 589 (GEL), at *7 (S.D.N.Y. July 2, 2007) (outlining the elements of a faithless servant claim).) Moreover, faithless servant claims have been brought—and succeeded— against "low-wage" employees before. *See e.g. Calderon*, No. 14CV2616PKCRLM, 2018 WL 2871834, at *7 (granting defendants' motion for summary judgment requesting plaintiff be barred from seeking compensatory damages under the FLSA and NYLL);

Mirkov also attempts to argue – without any citation to case law or other authority – that he should not be required to disgorge the entirety of his compensation following his first disloyal act. (Cross Motion, 21.) Mirkov argues that "there is a dispute of fact regarding the appropriate identification of Mirkov's alleged 'period of disloyalty' and corresponding wages paid." (Cross Motion, 21.) Mirkov goes on to argue that this is because the Defendants "make no attempt to identify an alleged last instance on which Mirkov altered tips." (Cross Motion, 21.) But this is not the standard. Rather, the clear and unambiguous standard is that where an employee is found to be a faithless servant, they must disgorge all compensation from the date of the first disloyal act. *Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73, 76 (2d Cir. 2010) ("[a] person who is found to be faithless in his performance of services is generally liable for all compensation from the date of the breach"); *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 188 (2d Cir. 2003) ("New York's faithless servant doctrine requires Phansalkar to forfeit all compensation received after his first disloyal act"); *In re Blumenthal*, 40 A.D.3d 318, 318 (1st Dep't 2007) (affirming lower court's finding "that appellant was a faithless servant, and that her acts of faithlessness warrant disgorgement of all compensation paid after the first such act"). It is irrelevant when Mirkov's purported last disloyal act occurred as Mirkov was terminated following a full investigation that revealed the extent of Mirkov's—and the other Plaintiffs—disloyalty. (*See*, Def.s' Supp. Stmt., ¶1).

Mirkov did not dispute that he was faithless servant, Mirkov's status as a purported low-wage employee is irrelevant, and the faithless servant doctrine requires disgorgement of compensation from the date of the first disloyal act.

## C.  The Plaintiffs Have Adduced Any Evidence Warranting Summary Judgment Against the Defendants' Faithless Servant Counterclaim.

Plaintiffs have not put forth any evidence warranting summary judgment in their favor as to the faithless servant counterclaim. Disputed issues of fact need to be adjudicated before a court can make a determination on a faithless servant claim. *Carlton Grp., Ltd. v. Mirabella SG SpA*, No. 16 CIV. 6649 (LGS), 2018 WL 3520494, at *9 (S.D.N.Y. July 19, 2018). Here, the Defendants have not put forward any facts demonstrating that they are entitled to summary judgment on Defendants' faithless servant counterclaim. Rather, Plaintiffs have exclusively attempted to argue that FLSA preempts the faithless servant doctrine (it does not), that low-wage employees are somehow not liable under the faithless servant – despite not providing any case law to support that proposition and being incorrect about its application to low-wage employees – and that the Court cannot find that Mirkov is a faithless servant because there has not been an identification of a "period of disloyalty," despite Defendants demonstrating that the law warrants disgorgement of all compensation after the first disloyal act. (Cross Motion, 12–22.) Plaintiffs have not adduced any facts warranting summary judgment in their favor on Defendants' faithless servant counterclaim.

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE FLSA AND NYLL UNPAID OVERTIME CLAIMS AS THE PLAINTIFFS FAIL TO REFUTE THE EVIDENCE IN DEFENDANTS' MOTION, PLAINTIFFS ATTEMPT TO ARGUE A NEW THEORY OF LIABILITY ON SUMMARY JUDGMENT, AND THE NEW THEORY IS DUPLICATIVE OF PLAINTIFFS' OTHER ALLEGATIONS.

Defendants are entitled to summary judgment on the FLSA and NYLL unpaid overtime claims as the Plaintiffs have failed to refute the evidence the Defendants put forward in their Motion and the Plaintiffs have attempted to change their theory of liability on summary judgment. A plaintiff cannot succeed on a claim for unpaid overtime wages where the plaintiff cannot produce any competent evidence of performing uncompensated work. *See Velazquez v. Yoh Servs.*, 19-1020-cv, at *6 (2d Cir. Mar. 18, 2020) (summary order) (noting that the district court dismissed,

and the plaintiff did not appeal, that the plaintiff "introduce[d] no competent evidence that she performed as much as one hour of uncompensated overtime work."). In order to succeed, a plaintiff could even use estimates of the work completed based on their own recollection to meet their burden. *Kuebel v. Black Decker*, 643 F.3d 352, 362 (2d Cir. 2011) ("it is possible for a plaintiff to meet this burden through estimates based on his own recollection").

Without repeating the arguments in the Motion, Plaintiffs have admitted throughout their depositions that they cannot even estimate the amount of overtime that they worked based on their recollection. Nor have the Plaintiffs produced any competent evidence to demonstrate the amount of overtime that they purportedly worked without overtime pay. (*See* Def.'s SUF,  ¶¶ 5, 17, 21, 24, 26 ).  The Plaintiffs are unable to determine dates, times, approximate hours, or any other basis for their unpaid overtime wage claims, requiring that summary judgment be granted in Defendants' favor.

Seemingly knowing that they have not provided any evidence of their unpaid overtime wages claim, Plaintiffs seek to alter their theory of liability in their Cross Motion. It is not permitted to raise a new theory of liability in opposition to summary judgment. *Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006). In their Complaint, Plaintiffs allege—as to the FLSA—that the Defendants were "required to pay Plaintiffs one and one-half (1½) times the regular rate at which Plaintiffs were employed, and which equaled at least the minimum wage, for all hours worked in excess of forty hours in a workweek" and—as to the NYLL—that Defendants were "required to pay Plaintiffs one and one half (1½) times the regular rate of pay, which is equal to at least the minimum wage." (Complaint,  ¶¶ 94, 99.) Defendants further allege that Defendants "failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA" and the NYLL. (Complaint, ¶¶ 95, 100.) In Plaintiffs' Cross Motion, they alter their theory of liability and

10

claim that their unpaid overtime wage claims that "Plaintiff allege that Defendants unlawfully paid Plaintiffs at tipped regular and overtime wage rates, rather than the required non-tipped statutory wage rates." (Cross Motion, 5.) The Plaintiffs made no mention of anything regarding tips in their pleadings regarding purported unpaid overtime and cannot now alter their theory of liability for their unpaid overtime wage claims.

Even if the Court finds that Plaintiffs did plead their summary judgment overtime theory in the Complaint—which Plaintiffs did not—the Court should still grant Defendants' summary judgment motion on the unpaid overtime claims as it is duplicative of Plaintiffs' other claims. "Two claims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct damages.'" *NetJets Aviation, Inc. v. LHC Communications, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (quoting *Sitar v. Sitar*, 50 A.D.3d 667, 670 (2d Dep't 2008)). Courts may grant summary judgment removing claims that are duplicative. *See Rabin v. Mony Life Ins. Co*, 387 F. App'x 36, 42 (2d Cir. 2010) (dismissing claims on summary judgment as duplicative); *Prof'l Merch. Advance Capital, LLC v. C Care Servs., LLC*, No. 13-cv-6562 (RJS), at *11 (S.D.N.Y. July 15, 2015) (dismissing claims as duplicative *sua sponte* on summary judgment).

Plaintiffs new theory of liability is entirely duplicative of their claim for minimum wage violations. In attempting to re-theorize their unpaid overtime claims, Plaintiffs argue that their overtime claims are based on allegations that "Defendants unlawfully paid Plaintiffs at the tipped regular and overtime wage rates, rather than the required non-tipped statutory wage rates. . . . (1) Defendants failed to provide Plaintiffs with proper notice of the tip credit, and (2) Defendants required Plaintiffs to spend twenty percent or more of their shifts performing non-tipped duties." (Cross Motion, 5.) Plaintiffs allege identical claims in their minimum wage causes of action in the Complaint. (Complaint, ¶¶ 81 ("Defendants were not eligible to avail themselves of the federal

tipped minimum wage rate under the FLSA . . . Defendants required Plaintiffs to spend more than twenty percent of their shift performing non-tipped work), 89 ("Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL . . . Defendants required Plaintiffs to spend more than twenty percent of their shift, or at least two hours per shift, performing non-tipped work).) Plaintiffs are also seeking the same damages with their new theory of liability. (*Compare* Cross Motion, 5–6 ("If it is established that either Defendants failed to provide proper notice of the tip credit to Plaintiffs, or that Plaintiffs spent twenty percent or more of their workweeks performing non-tipped duties, then Defendants were not entitled to take a tip credit against Plaintiffs' wages and must repay it to Plaintiffs, including as part of their overtime wages."), *with* Complaint ¶¶, 84 ("Plaintiffs suffered damages by being denied minimum wages . . . and are entitled to recovery of such amounts), 92 ("Plaintiffs are entitled to recover their unpaid wages").) Plaintiffs are seeking the same damages for their unpaid overtime wages claim as their minimum wage claims and using the same facts to make the new allegations in their opposition Defendants motion for summary judgment.

The Court should grant Defendants' motion for summary judgment as to Plaintiffs' unpaid overtime claims because the Plaintiffs have not disputed the facts put forth by Defendants that Plaintiffs do not have any evidence supporting any unpaid wages; because the Plaintiffs have attempted to re-theorize their unpaid overtime claims in opposition to summary judgment; and because Plaintiffs' re-theorized unpaid overtime claims are duplicative of their minimum wage claims.

**III.   PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT AS TO THE WAGE STATEMENT, WAGE NOTICE, AND SPREAD OF HOURS CAUSES OF ACTION SHOULD BE DENIED AS DEFENDANTS ACTED IN GOOD FAITH AND DID NOT WILLFULLY VIOLATE EITHER THE FLSA OR NYLL.**

12

The Defendants acted with good faith at all times with respect to Plaintiffs' wage statement, wage notice, and spread of hours claims, such that Plaintiffs' motion for summary judgment should be denied. "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260; *see also Franco v. Jubilee First Ave. Corp.*, 14-CV-07729 (SN), at *34 (S.D.N.Y. Aug. 25, 2016) (denying plaintiffs summary judgment on defendants' good faith defense where defendants "testified that at both Jubilee locations they relied on advice from payroll companies regarding compliance with federal and state wage-and-hour laws" and reserving decision on good faith for trial).

The Defendants attempted to, in good faith, abide by the employment laws. The Restaurant's manager, Andreas Matischak had conversations, generally, once a year with his payroll company ADP, about compliance with employment laws. (*See*, Defs.' Supp. Stmt., ¶2). The Restaurant also hired a woman named Angela Hour to prepare payroll. (*See*, Defs.' Supp. Stmt., ¶3). Eva Matischak, the Restaurant's owner also hired someone named Diana Klapach to ensure compliance with employment laws, which included meetings with accountants and attorneys, and that handled payroll before Angela was hired. (*See*, Defs.' Supp. Stmt., ¶4). ADP told the Restaurant what was mandated in terms of employee pay and the Restaurant did what ADP said. (*See*, Defs.' Supp. Stmt., ¶5). Moreover, while the Plaintiffs point to certain instances in their Cross Motion where the Defendants purportedly rounded hours down, the Plaintiffs fail to point to other instances where the Defendants actually rounded up in paying Plaintiffs. (*See e.g.* Pl.'s

Exhibit E at 308; Pl.'s Exhibit F at 24.)[3] The Defendants attempted to comply with the employment laws in good faith and the Plaintiffs are not entitled to any liquidated damages or other punitive damages for any purported violations of the employment laws.

## IV.  PLAINTIFFS HAVE NOT SOUGHT TO CLASSIFY EVA MATISCHAK AS AN EMPLOYER, REQUIRING DENIAL OF SUMMARY JUDGMENT ON ALL COUNTS AS TO EVA MATISCHAK.

Even if the Plaintiffs succeed on their Cross Motion for summary judgment—which they should not—the Plaintiffs have not moved for summary judgment declaring Eva Matischak an employer under the FLSA or NYLL, such that the Court cannot grant Plaintiffs summary judgment against Matischak. In order to be liable under the FLSA and the NYLL, a person must be an employer as that term is defined in each statute. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("[t]o be held liable under the FLSA, a person must be an 'employer,'" as defined in the FLSA); *Chichinadze v. BG Bar*, 18 Civ. 8069 (KPF), at *23 (S.D.N.Y. Feb. 8, 2021) ("Of course, to be held liable under the FLSA for underpayment of wages, a defendant must be an 'employer'" and "[a]s just stated, to establish liability under either statute for underpayment of wages, a plaintiff must establish that the defendant was plaintiff's 'employer."); *Ibarra v. W&L Grp. Constr. Inc.*, 1:19-CV-01582 (AMD) (SMG), at *2 (E.D.N.Y. Nov. 8, 2019) ("[a] party must be an employer to be liable under the FLSA and NYLL."); *Figurowski v. Marbil Investors, LLC*, 14-CV-7034(JS)(GRB), at *10-11 (E.D.N.Y. July 1, 2015) (quoting *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. 11-CV-3384, 2012 WL 4174725, at *6 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted by*, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012)) ("[t]o be held liable

---

[3] In addition, and while not necessarily relevant to whether the employment laws were or were not followed, the Plaintiffs never sought any clarification or adjustments to their wages prior to their firing for altering customer tips. The Plaintiffs were, at all times, aware that if there were any issues with their wages, they could speak with a manager at the Restaurant about ay questions or possible issues that they had with their wages. None of the Plaintiffs ever complained to the Defendants or to any of the Restaurant's managers about purported issues with their pay. It is difficult to quantify any action or inaction by the Restaurant as lacking good faith when the Plaintiffs never mentioned the potential issue with the Defendants prior to firing.

under the FLSA and the NYLL, a person must be an employer."). In order to be granted summary judgment as to an individual that is purportedly an employer, a plaintiff needs to provide sufficient facts for the court to find that the individual is an employer under the FLSA and NYLL. *See e.g. Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 410 (E.D.N.Y. 2017) (granting summary judgment to employees where they moved on individual's liability as employer because there was "no genuine issue of material fact with respect to [purported employer]'s individual liability" since purported employer failed to oppose that portion of motion).

Plaintiffs have not moved for determination on summary judgment that Eva Matischak is an employer under either the FLSA or the NYLL. (*See generally*, Cross Motion.) The Plaintiffs have not put forth any facts for the Court to review to determine that Defendant Eva Matischak is an employer under either the FLSA or the NYLL. Therefore, there is still a question of fact as to whether Defendant Eva Matischak's actions and connections with the Restaurant are sufficient to classify her as an employer under the FLSA and/or the NYLL. Because there is still a question of fact as to whether Eva Matischak is an employer under the FLSA and the NYLL, the Plaintiffs are not entitled to summary judgment against Eva Matischak on any of the causes of action. The Plaintiffs' Cross Motion should be denied in its entirety as against Eva Matischak.

## CONCLUSION

WHEREFORE, in light of all the foregoing, Defendants Old Heidelberg Corp. and Eva Matischak respectfully request that the Court enter summary judgment in their favor as to: (1) Plaintiff Novakovic's claims under the FLSA that arise before March 8, 2015, (2) all of Plaintiffs' unpaid overtime claims under both the FLSA and NYLL (3) all of Plaintiffs' claims for failure to provide wage notices under NYLL, and (4) Defendants counterclaim for faithless servant against

Plaintiff Danijel Mirkov; because there are no genuine issues of material facts and Defendants are entitled to judgment as a matter of law on each of the above-refenced claims.

Furthermore, Defendants Old Heidelberg Corp. and Eva Matischak respectfully request that the Court deny the Plaintiffs' Motion for Partial Summary Judgment in its entirety as to Eva Matischak, and to deny Plaintiff's request for summary judgment as to the wage statement, wage notice, and spread-of-hours claims because there is evidence that the Restaurant acted in good faith and did not wilfully violate either the FLSA or the NYLL.  Finally, the Court should deny plaintiffs' motion for summary judgment as to the faithless servant claim brought by the Restaurant against Defendant Mirkov because the Restaurant has adduced sufficient evidence to establish a *prima facie* violation of the faithless servant doctrine by Defendant Mirkov, and because the FLSA does not preempt a claim by an employer under the faithless servant doctrine.

Dated:  Stratford, Connecticut                    Respectfully submitted,
        March 8, 2021

                                         */s/William J. Whewell*
                                         William J. Whewell
                                         ROSENBERG, MILLER, HITE, & MORILLA LLC
                                         2051 Main Street
                                         Stratford, Connecticut 06615
                                         (T) 203-870-6700
                                         (F) 203-870-6701
                                         (E) whewell.william@gmail.com
                                         *Attorneys for Defendants*

16